UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| *In re*: | Case Number: 17-12413-13 |
| JASON J. KRUS and<br>TRINA B. KRUS, | |
| Debtors. | |

---

| | |
|---|---|
| DELLS LAND AND CATTLE<br>COMPANY II, LLC, | |
| Plaintiff, | |
| v. | Adversary Number: 19-48 |
| JASON J. KRUS, TRINA B. KRUS,<br>and WISCONSIN MUTUAL INSURANCE<br>COMPANY, | |
| Defendants. | |

---

# **DECISION**

Dells Land & Cattle Company II, LLC ("DLCC") filed this adversary proceeding seeking damages from Jason and Trina Krus (the "Kruses") and Wisconsin Mutual Insurance Company ("Wisconsin Mutual"). Wisconsin Mutual asks for judgment on the pleadings ("Motion") dismissing the claims brought against it.

DLCC opposes the Motion. The Court held a preliminary hearing and granted an extension of time for submission of supplemental pleadings and briefs. The Court also said another hearing on the Motion would be scheduled

as necessary after a decision on the motion to abstain and remand or to dismiss the adversary were decided.[1]

For the reasons below, the Court grants the Motion. DLCC's asserted claims against Wisconsin Mutual are dismissed.

## BACKGROUND

The Kruses filed a joint Chapter 13 petition in July 2017. This Court confirmed their Chapter 13 Plan in April 2018. Fifteen months later, DLCC filed the present adversary proceeding against the Kruses and named their insurer, Wisconsin Mutual, as a co-defendant.

The dispute here arises from a 2016 land contract executed between the Kruses and DLCC secured by real estate in Wisconsin Dells ("Property"). Wisconsin Mutual issued an insurance policy ("Policy") to the Kruses for the Property.[2] DLCC was not named as either an additional insured or loss payee under the Policy.

The Kruses defaulted under the land contract. DLCC filed a strict foreclosure action in March 2017.[3] The Kruses filed their bankruptcy petition shortly thereafter. They agreed to surrender the Property to DLCC under their Chapter 13 Plan. This Court granted DLCC relief from the stay related to the

---

[1] A Decision on the Motion to Abstain and Remand or, in the Alternative, to Dismiss was issued on April 24, 2020.

[2] The Court has reviewed the insurance policy as Exhibit A attached to Wisconsin Mutual's Answer appearing at ECF No. 17.

[3] Adams County Circuit Court Case no. 2017CV0038.

Property in May 2018. One month later, DLCC was awarded a judgment of strict foreclosure.

After obtaining possession of the Property, DLCC performed an inspection. That inspection was on July 2, 2018. It revealed various damages.

DLCC filed this adversary proceeding over a year later. It alleges that before surrendering the Property, the Kruses caused extensive damage to it, including to fixtures that were part of the real estate. DLCC contends that the Policy issued by Wisconsin Mutual provides property casualty and personal liability coverage for its claims.

DLCC's amended complaint ("Amended Complaint") asserts six causes of action: (1) breach of land contract; (2) negligence; (3) property damages; (4) conversion; (5) statutory theft under Wis. Stat. §§ 895.446 and 943.20; and (6) criminal damage to property under Wis. Stat. §§ 895.446 and 943.01.[4] Only the breach of land contract, negligence, and property damage claims are asserted against both Wisconsin Mutual and the Kruses. The remaining three causes of action are only asserted against the Kruses and are thus not at issue under Wisconsin Mutual's Motion and this decision.

On April 24, 2020, this Court decided a motion by the Kruses to abstain and remand or, in the alternative, to dismiss the adversary proceeding. The Court decided it lacked subject matter jurisdiction over DLCC's delinquent real

---

[4] The Amended Complaint estimated a loss of $63,000 in value because of the alleged damages. In subsequent briefs filed with the Court, DLCC has since increased this estimate to $77,000.

3

estate tax claim brought under the breach of land contract cause of action. The Court dismissed DLCC's tax claim under Bankruptcy Rule 7012(b).[5] And so, there is no need to address the real estate tax claim in this decision.

DLCC generally argues that the Kruses caused extensive damages to the Property and removed various fixtures that decreased the Property's value. DLCC asserts that Wisconsin Mutual is now required to pay for the alleged damages pursuant to the Kruses' Policy under a breach of contract theory or under one of two tort theories.

Wisconsin Mutual counters that DLCC's breach of land contract and negligence claims must be dismissed because there was not an initial grant of coverage under the Policy. Wisconsin Mutual argues that even if there was an initial grant of coverage, the Policy's exclusions preclude coverage for DLCC's asserted claims. Furthermore, Wisconsin Mutual contends that DLCC's property casualty claims under its third cause of action are barred by the relevant statute of limitations under Wisconsin law.

## DISCUSSION

Federal Rule of Civil Procedure 12(c), made applicable to adversary proceedings under Federal Rule of Bankruptcy Procedure 7012(b), provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV P. 12(c). "The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Northern Indiana Gun & Outdoor Shows, Inc. v. City of*

---

[5] Adopting FED. R. CIV. P. 12(b)(6).

*South Bend*, 163 F.3d 449, 452 (7th Cir. 1998); *see also* FED. R. CIV. P. 10(c). Historically, the Seventh Circuit has interpreted "written instrument" under Rule 10(c) to include, among other things, affidavits and contracts. *See South Bend*, 163 F.3d at 453.

Motions for judgment on the pleadings are subject to the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Berg v. SSA (In re Berg)*, 569 B.R. 755, 758 (Bankr. W.D. Wis. 2017). Courts "may not look beyond the pleadings, and all uncontested allegations to which the parties had an opportunity to respond are taken as true." *Alexander v. City of Chicago,* 994 F.2d 333, 335 (7th Cir. 1993). And so, this Court must determine whether DLCC's Amended Complaint states "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

DLCC's well-pleaded factual allegations are taken as true and all reasonable inferences from the facts are drawn in favor of DLCC. *Larson v. United Healthcare Ins. Co.,* 723 F.3d 905, 908 (7th Cir. 2013). "Only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved will a court grant a Rule 12(c) motion." *Moss v. Martin,* 473 F.3d 694, 698 (7th Cir. 2007). As the moving party, Wisconsin Mutual "must unequivocally establish that no material issue of fact exists and

that judgment on the pleadings is warranted by law." *ColeMichael Invs., L.L.C. v. Burke (In re Burke),* 398 B.R. 608, 620 (Bankr. N.D. Ill. 2008) (citing *Nat'l Fid. Life Ins. Co. v. Karaganis,* 811 F.2d 357, 358 (7th Cir. 1987)).

This Court must turn to relevant state law to determine whether DLCC's Amended Complaint states claims that have facial plausibility.

    A. <u>Insurance Policy Interpretation Under Wisconsin Law</u>

Wisconsin courts follow three steps in determining whether coverage exists under an insurance policy. First, the facts of a claim are examined to determine whether the policy provides an initial grant of coverage. *Wilson Mut. Ins. Co. v. Falk,* 2014 WI 136, ¶26, 360 Wis. 2d 67, 857 N.W.2d 156.[6] "The analysis ends there if the policy clearly does not cover the claim." *Id.* Second, if there is an initial grant of coverage, courts examine the policy's exclusions to determine whether coverage is precluded. *Id.* Third, if an exclusion precludes coverage, courts "analyze exceptions to the exclusion to determine whether any [exceptions] reinstate coverage." *Id.*

Insurance policy coverage is triggered by an occurrence. *Id.,* ¶27. And so, "identifying the occurrence is important because there must be an occurrence under the policy for there to be coverage and the policy's language controls what constitutes 'occurrence.'" *Id.* (citing *Plastics Eng'g Co. v. Liberty Mut. Ins. Co.,* 2009 WI 13, ¶30, 315 Wis. 2d 556, 759 N.W.2d 613). Generally, Wisconsin courts interpret an insurance policy's terms "as they would be understood from

---

[6] Citing *Am. Family Mut. Ins. Co. v. Am. Girl, Inc.,* 2004 WI 2, ¶24, 268 Wis. 2d 16, 673 N.W.2d 65.

6

the perspective of a reasonable person in the position of the insured." *SECURA Ins. v. Lyme St. Croix Forest Co., LLC*, 2018 WI 103, ¶17, 384 Wis. 2d 282, 918 N.W.2d 885 (citing *Shugarts v. Mohr*, 2018 WI 27, ¶20, 380 Wis. 2d 512, 909 N.W.2d 402).

B. DLCC's Breach of Land Contract and Negligence Claims

DLCC's first cause of action is for breach of land contract. DLCC asserts that the Kruses agreed, among other things, to "keep the Property in good tenantable [sic] condition and repair." Amended Complaint at ¶ 30. DLCC claims the Kruses breached the land contract by "removing personal property, including fixtures, and causing extensive property damage prior to DLCC re-taking possession of the Property . . . ." Amended Complaint at ¶ 32.

The first cause of action is based on a breach of contract. Wisconsin Mutual was not a party to any contract or agreement with DLCC. Wisconsin Mutual did not make any promises regarding the condition of the Property. The promises were made by the Kruses. If provisions of the Land Contract were breached, the breach would have been by a party to the contract. So, the breach of contract claims against Wisconsin Mutual must fail for any breach of the terms of the Land Contract.

DLCC asserts "[Wisconsin Mutual] had a policy of liability insurance in force at the time the aforementioned acts of negligence [or damage] occurred, which covered the actions of the Kruses, and is required to pay DLCC for its damages described herein." Amended Complaint at ¶¶ 37 and 44. The second cause of action is for negligence. DLCC asserts the Kruses were negligent in

7

causing extensive damage to the Property. The Amended Complaint provides that the "Kruses' foregoing acts of negligence were a direct and proximate cause of DLCC's damages, which include replacement and repair costs, lost rents, inspection costs, and other consequential damages." Amended Complaint at ¶ 42. DLCC calls on Wisconsin Mutual to pay for the Kruses' negligent acts and damages.

The third cause of action is a variation on the second claim. It says DLCC is entitled to damages for the decrease in the Property's value due to the damage caused by the Kruses. According to DLCC, because Wisconsin Mutual issued a property and casualty policy insuring the Kruses, any damages should be covered under the Policy, or through a direct action against Wisconsin Mutual "as an insured covered by the terms of the policy of property casualty insurance." Amended Complaint at ¶ 51.

The Kruses were the named insureds under the Policy. Bank First National was named as the Mortgagee. These facts are confirmed by the Evidence of Insurance submitted by DLCC and by the Policy Renewal/Property Policy Declaration attached to Wisconsin Mutual's Answer. ECF Nos. 33 and 17, respectively. Nowhere on either document is DLCC identified as an insured or loss payee.

Wisconsin Mutual argues there was never an initial grant of coverage under the Policy because the described damages, as asserted and pled, suggest that the Kruses committed intentional acts in damaging the Property. As a

result, Wisconsin Mutual believes the damages were not caused by an occurrence as the term is defined under the Policy.

DLCC simply responds by highlighting that the Amended Complaint asserts liability claims based on the Kruses' negligence. DLCC is effectively asking this Court to ignore the facts as they are pled. Put differently, DLCC wishes for the Court to view the Amended Complaint based on the labels attached to its first two causes of action, rather than the substance of the asserted claims and the attached inspection report.[7]

This Court is not bound to accept the labels DLCC has assigned to its claims.

> [A] cause of action is not constituted by labelling the operative facts with the name of a legal theory. The operative facts themselves . . . constitute the cause of action. What they are called is immaterial.

*Jost v. Dairyland Power Coop.,* 45 Wis. 2d 164, 169, 172 N.W.2d 647 (Wis. 1969).

Section one of the Kruses' Policy provides property coverage for the dwelling, other structures, personal property, and loss of use. Section two provides personal liability coverage for "damages because of 'bodily injury' or 'property damage' caused by an 'occurrence' to which this coverage applies . . . ." ECF No. 17 Ex. A at 19. The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same

---

[7] The July 2, 2018 Home Inspection Report is attached to the Amended Complaint as Exhibit B.

general harmful conditions, which results during the policy period, in 'bodily injury' or 'property damage.'" ECF No. 17 Ex. A at 5.

Reviewing the substance of the claims, the Court must determine whether the alleged damages caused by the Kruses constitute an "accident" that triggered an initial grant of liability insurance coverage.

The Wisconsin Supreme Court defines "accident" by the "common and ordinary meaning of the word as understood by a lay person." *Stuart v. Weisflog's Showroom Gallery, Inc.*, 2008 WI 86, ¶24, 311 Wis. 2d 492, 753 N.W.2d 448. "[A]n accident is an event or condition occurring by chance or one that arises from unknown causes, and is unforeseen and unintended." *Id.*

Applying this definition, while taking DLCC's well-pleaded factual allegations as true, and drawing all reasonable inferences from the facts in favor of DLCC, the Court finds that the described damages did not result from an accident.

DLCC first estimated a loss of $63,000 in value because of the damages. The Property inspection report attached to its Amended Complaint provides a detailed description of the damages. For example, pages 16 and 17 of the report show that kitchen cabinet drawers are missing.[8] The report also shows that multiple doors and light fixtures are missing throughout the Property.[9] The inspection report appears to validate DLCC's assertion that multiple items

---

[8] Amended Complaint Exhibit B at 37.

[9] Other missing items include exterior wall fixtures, shower fixtures, a toilet, smoke alarms, heating/AC vent covers, and multiple switch and outlet plates.

10

Case 3-19-00048-cjf   Doc 54   Filed 06/10/20   Entered 06/10/20 16:58:20   Desc Main
Document      Page 11 of 17

were "damaged or totally destroyed," including an exterior A/C unit, water heater, and furnace, which are shown as missing on pages 15, 33, and 36 of the report. Amended Complaint at ¶ 21. As the persons in possession and control of the Property until late June or early July 2018, the report would also seem to support the claim that the damages and destruction were caused by the Kruses.

To find that the removal of multiple doors, drawers, and fixtures occurred by chance or because of unknown causes would defy logic. The large number of missing items and the consistency of the type of fixtures missing make it difficult for this Court to find otherwise. DLCC's allegations against the Kruses, as pled in the Amended Complaint and subsequent pleadings, do not allow for a finding that the damages resulted from unforeseen and unintended actions. The described damages and the unauthorized removal of property fixtures could not have been an accident as that term is defined by state law.

Taking the allegations in the light most favorable to the plaintiff and based on the pleadings in this adversary, the Court concludes the damages were not caused by an occurrence as the term is defined under the Policy. An initial grant of Policy coverage was never triggered. There is no need for the Court to examine the Policy's exclusions or determine whether an exception to the exclusion reinstates coverage.

    C. <u>DLCC's Property Damage Claim</u>

DLCC's third cause of action is for property damage. It asserts that Wisconsin Mutual must pay for damages caused by the Kruses under the

Policy's liability and property casualty sections. Alternatively, DLCC asserts it is entitled to an award of damages against Wisconsin Mutual directly as an insured party covered under the property casualty policy. Amended Complaint at ¶¶ 50-51. Setting aside whether coverage could exist for damages caused by the insureds themselves, Wisconsin Mutual says the Court need not reach coverage because there are other grounds barring the claim.

### 1. *DLCC's First-Party Property Damage Claim*

Wisconsin Mutual argues DLCC's first-party property damage claim is barred by the twelve-month statute of limitations under Wis. Stat. § 631.83(1)(a). The statute provides:

> An action on fire insurance policy must be commenced within 12 months after the inception of the loss. This rule also applies to riders or endorsements attached to a fire insurance policy covering loss or damage to property or to the use of or income from property from any cause, and to separate windstorm or hail insurance policies.

Wis. Stat. § 631.83(1)(a) (2019-20).

The term "fire insurance" is a "generic term" that "covers indemnity insurance for losses to property caused by many other perils than fire." *Villa Clement, Inc. v. Nat'l Union Fire Ins. Co.,* 120 Wis. 2d 140, 145, 353 N.W.2d 369 (Ct. App. 1984). *See also Ward Mgmt. Co. v. Westport Ins. Corp.*, 598 F. Supp. 2d 923, 926 (W.D. Wis. 2009) ("As defined in *Villa Clement,* 'fire insurance' seems broad enough to include insurance policies covering theft, which is another type of damage to real or personal property.").

Following *Villa Clement's* broad interpretation of "fire insurance," this Court is convinced that DLCC's alleged claims against Wisconsin Mutual for

the Kruses' negligence and property damage are subject to the twelve-month statute of limitations under Wis. Stat. § 631.83(1)(a).

DLCC does not dispute that its claims are subject to the statute of limitations. Rather, it now argues that Wisconsin Mutual should be estopped from asserting the twelve-month statute of limitations as a defense based on its failure to provide proof of the Policy promptly. DLCC contends equitable estoppel applies "because [it] was not even made aware of the existence of a policy or property casualty insurance until approximately eight months after the loss occurred."[10] This argument was first raised by DLCC in its reply brief. It is not part of the allegations contained in the Amended Complaint.

Under its equitable estoppel argument, DLCC urges the Court to recast the Motion as a motion for summary judgment rather than as a motion for judgment on the pleadings because the Motion raises matters outside the pleadings. DLCC submits an Affidavit by its managing member, Stephen Vanderbloemen,[11] to support its argument that Wisconsin Mutual failed to provide proof of the Policy promptly. Through its response brief, DLCC urges the Court to allow the parties to submit additional proofs and affidavits in support of their respective positions. This request was granted a long time ago.

The Court provided DLCC the opportunity to supplement its argument by February 6, 2020. DLCC explicitly chose not to do so. Wisconsin Mutual filed its Motion on November 8, 2019. DLCC opposed it and responded on December

---

[10] DLCC Response Brief to the Motion. ECF No. 33 at 5.

[11] DLCC Response Brief to the Motion. ECF No. 33, Exhibit A at 1-4.

16, 2019. This Court held a preliminary hearing on January 7, 2020 and set a 30-day deadline for the parties to submit supplemental briefs. No supplemental briefs were filed by the established deadline and DLCC never requested an extension.

That said, the Court is not convinced that Wisconsin Mutual has raised any matters outside the pleadings to warrant the recasting of its Motion as a summary judgment motion. DLCC has provided no arguments to convince the Court otherwise.

It is DLCC that raises issues outside of the pleadings by alleging that Wisconsin Mutual failed to provide proof of the Policy and by attaching the described Affidavit to its response brief. The assertion assumes there was a duty placed on Wisconsin Mutual to affirmatively act to provide some notice to DLCC of the existence of a policy. The Amended Complaint fails to allege any duty of Wisconsin Mutual with respect to providing information to DLCC about any policy of insurance. To the contrary, the pleadings evidence a duty by the Kruses to obtain insurance, take steps to have DLCC named, and to provide that information to DLCC. DLCC had a right to seek enforcement of those obligations against the Kruses. But that does not create any relationship or obligation between Wisconsin Mutual and DLCC. The pleadings contain no allegations of wrongdoing by Wisconsin Mutual with respect to not providing a notice of the Policy.

The Court does not accept, rely on, nor consider DLCC's equitable estoppel argument or the attached Affidavit as they attempt to raise issues

14

outside of the pleadings that are immaterial to the issue at hand. And so, there is no need for the Court to convert the Motion to one for summary judgment. *See* FED. R. CIV. P. 12(d),[12] incorporated by FED. R. BANKR. P. 7012(b). *See also City of South Bend*, 163 F.3d at 453 n.5; *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 835-36 (7th Cir. 1994).

### 2. *DLCC's Third-Party Liability Claim*

DLCC next argues that even if its first-party property damage claim is barred by the twelve-month statute of limitations, its third-party liability claim for negligence and property damage are allowed under Wis. Stat. § 893.52(1).[13] The statute provides, in pertinent part:

> [A]n action, not arising on contract, to recover damages for an injury to real or personal property shall be commenced within 6 years after the cause of action accrues or be barred.

Wis. Stat. § 893.52(1) (2019-20). The statute does provide a six-year limitations period for certain claims. But the Court must once again examine the allegations in the Amended Complaint to determine whether an initial grant of liability coverage was ever triggered by an occurrence.

Under its third cause of action, DLCC effectively asserts the same allegations from its negligence claim under the label of property damage. DLCC contends that the "Kruses caused extensive damage to the Property prior to DLCC re-taking possession." Amended Complaint at ¶ 47. For the same

---

[12] "If, on a motion under Rule . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d).

[13] DLCC Response Brief to the Motion. ECF No. 33 at 6-7.

reasons described above, DLCC's assertions, arguments, and filed exhibit in the form of the Property inspection report show that the Kruses committed intentional acts of property destruction and unauthorized removal of fixtures. Such intentional acts are not accidents as defined under Wisconsin state law and were not caused by an occurrence as the term is defined under the Policy.

There was never an initial grant of coverage for the alleged property damage under DLCC's third cause of action. The Court need not examine the Policy's exclusions or whether an exception to the exclusion reinstates coverage.

As described, this Court may grant the Motion only if DLCC can plead no facts that would support its claims for relief against Wisconsin Mutual. After careful review of the Amended Complaint, along with subsequently filed briefs under Wisconsin Mutual's Motion, this Court is convinced that the Policy did not make an initial grant of coverage toward any of the allegations asserted against the Kruses. The substance of DLCC's claims are advanced as intentional acts of destruction and theft by the Kruses. Wisconsin Mutual is not liable for such intentional acts under the Policy's liability insurance coverage. Furthermore, DLCC's first-party property damage claim is barred by the twelve-month statute of limitations under Wis. Stat. § 631.83(1)(a).

Thus, DLCC's breach of land contract, negligence, and property damage claims against Wisconsin Mutual are dismissed.

The Court makes no findings about the merits of DLCC's adversary action against the Kruses. This decision is merely a finding that: (1) the breach

of land contract cause of action against Wisconsin Mutual is dismissed; (2) the negligence cause of action against Wisconsin Mutual is dismissed; and (3) the property damage cause of action against Wisconsin Mutual is dismissed.

## CONCLUSION

For these reasons, Wisconsin Mutual's Motion for Judgment on the Pleadings is granted. DLCC's claims against Wisconsin Mutual are dismissed.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: June 10, 2020

BY THE COURT:

Hon. Catherine J. Furay
U.S. Bankruptcy Judge