UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

*In re*:

JASON J. KRUS and
TRINA B. KRUS,

    Debtors.

Case Number: 17-12413-13

---

DELLS LAND AND CATTLE
COMPANY II, LLC,

    Plaintiff,

v.

JASON J. KRUS and
TRINA B. KRUS,

    Defendants.

Adversary Number: 19-48

---

# DECISION

Jason and Tina Krus ("Defendants") filed a chapter 13 petition.[1] Two years later, Dells Land and Cattle Company II, LLC ("Plaintiff") started an adversary proceeding to recover money.[2] Plaintiff seeks damages for breach of contract, negligence, property damage, conversion, statutory theft, and criminal damage to property.[3]

---

[1] Case No. 17-12413.
[2] Case No. 19-48.
[3] *Amended Complaint,* ECF No. 13.

Defendants answered the complaint.[4] The parties have litigated this issue through the complaint, amended complaint, motion to abstain and remand, and motion for judgment on the pleadings. The Court scheduled trial for August 20, 2020.

Defendants moved to voluntarily dismiss their chapter 13 on August 5, 2020.[5] The Court entered an Order of Voluntary Dismissal in the main case on August 11.[6] On the same day, they asked to continue the scheduled trial.[7] Given the voluntary dismissal of the main case, Defendants requested dismissal of the adversary.

## BACKGROUND

Plaintiff argues that the Court should exercise its discretion and retain jurisdiction over the adversary. Plaintiff relies on three cases to support this assertion. *See In re Statistical Tabulating Corp.*, 60 F.3d 1286 (7th Cir. 1995); *Chapman v. Currie Motors*, 65 F.3d 78 (7th Cir. 1995); *Porges v. Gruntal & Co. (In re Porges)*, 44 F.3d 159 (2d Cir. 1995). Plaintiff says that judicial economy would be served with retention of jurisdiction because "[c]ontrary to the defendants' assertions, the parties, and this Court, have already invested substantial time and expense into litigating this proceeding up until almost the very moment of trial." ECF No. 72, p. 3. Plaintiff contends the facts are "strikingly similar" to *Chapman,* when the court retained jurisdiction of the

---

[4] *Defendants' Answer and Affirmative Defense,* ECF No. 10.
[5] *Motion to Dismiss,* ECF No. 105.
[6] *Order of Voluntary Dismissal,* ECF No. 109.
[7] ECF No. 63.

2

Document      Page 3 of 7

adversary after dismissal of the bankruptcy. Plaintiff also contends that "[t]he defendants have given no indication that adjudicating this dispute would be less convenient than litigating the claim in a state court of competent jurisdiction." ECF No. 72, p. 4. In fact, Plaintiff insists dismissing the adversary "would result in significant inconvenience to both parties, but especially to [Plaintiff]." ECF No. 72, p. 5. Moreover, Plaintiff asserts it would be unfair for defendants to avoid having the matter heard because they voluntarily dismissed their bankruptcy. Finally, Plaintiff contends retention of jurisdiction comports with principles of comity. Plaintiff asserts the court's decision in *Crosson* does not undercut their analysis. *Crosson v. A.A. Fire Safety (In re Crosson)*, 333 B.R. 794 (Bankr. N.D. Ill. 2005).

Defendants seek dismissal of the adversary proceeding. They argue that the three cases Plaintiff relies on are distinguishable from the case currently in front of the Court. Defendants argue that *In re Statistical* concerned the integrity of the appeals process, which is not present in the current case. Next, they argue that *In re Porges* is distinguishable because the court had made "an oral ruling . . . in the creditor's favor" and the creditor's attorney was drafting the findings of fact and conclusions of law. Defendants argue that the four factors in *Porges* (judicial economy, convenience to the parties, fairness, and comity) were aligned with their position. Defendants then point out that the Seventh Circuit Court of Appeals did not apply those factors in *Chapman v. Currie Motors*. Defendants conclude there is no federal interest served in

3

retaining the adversary proceeding in this case. Defendants emphasize the lack of evidence presented in the case as support for their position.

## LEGAL STANDARDS

The bankruptcy court has discretion to retain jurisdiction over an adversary proceeding after the bankruptcy case has been dismissed. *See In re Statistical Tabulating Corp.*, 60 F.3d 1286 (7th Cir. 1995); *Chapman v. Currie Motors*, 65 F.3d 78 (7th Cir. 1995). When evaluating whether a court should exercise that discretion, courts in this jurisdiction have considered:

> judicial economy, fairness and convenience to the parties, and the degree of difficulty of the related legal issue involved . . . . In addition, the court may consider whether the remedies sought by the plaintiff are unique bankruptcy remedies . . . . Further . . . a debtor/defendant should not have unfettered discretion to engineer the dismissal of an adversary proceeding by procuring . . . the dismissal of his underlying bankruptcy case.

*Rodriguez v. Volpentesta (In re Volpentesta)*, 187 B.R. 261, 270 (Bankr. N.D. Ill. 1995) (citations omitted).

## DISCUSSION

Here, the parties do not dispute the Court's ability to retain the adversary proceeding. The only question is whether the Court *should* retain jurisdiction of the adversary proceeding.

The *Volpentesta* court retained jurisdiction of an adversary proceeding even after the bankruptcy case was dismissed as a bad faith filing. In that case, debtor filed a voluntary chapter 7 petition on April 12, 1995. On June 16, an adversary proceeding was started by one of the debtor's creditors. The summons and complaint were served on June 24. The chapter 7 case was

dismissed for bad faith on July 13, 1995. In exercising its discretion to retain jurisdiction in the adversary, the court reasoned that there was:

> a strong federal interest in the issues raised in Plaintiff's adversary complaint. These interests include maintaining the integrity of the bankruptcy courts against erosion from concealment and false oaths . . . .

*In re Volpentesta,* 187 B.R. at 271. The court also noted that the plaintiff had "expended substantial time, energy and effort on this case, first in acting pro se, and then in hiring an attorney to represent him." *Id.* at 270. The court did not find the issues to be difficult and the remedies sought were unique to bankruptcy courts. *Id.* at 270. The court also found that since defendant never answered the complaint, the adversary was "almost finished" and judicial economy called for the court's retention of the jurisdiction. *Id.* at 271.

Here, the trial was scheduled for August 20, 2020. The pretrial order required the parties to submit their witness lists and exhibits 14 days before the trial—thus, exhibits were due on August 6. Debtor defendants moved to dismiss their case on August 5. On August 6, Debtor defendants moved to extend the time to file exhibit and witness lists.[8] The Order of Voluntary Dismissal was entered on August 11. No explanation as to why the Defendants sought dismissal was provided. According to the Trustee's Final Report, Defendants paid $25,610.63 into the plan over the life of the case. ECF No. 112. Perhaps a federal interest exists if the Defendants were trying to avoid adjudication of the adversary matters by dismissing the Chapter 13 case. The

---

[8] ECF No. 61.

court in *Volpentesta* specifically noted that such engineering would be a consideration when a court evaluates whether to retain jurisdiction.

But like in *Chapman*, although the Chapter 13 may have been dismissed, the adversary proceeding here became a dispute of no interest except to the Plaintiff and Defendants. "Neither party argues for retention of federal jurisdiction on the ground that otherwise the objectives of the Bankruptcy Code would be impaired." *Chapman v. Currie Motors*, 65 F.3d 78 (7th Cir. 1995). The remaining claims in the adversary flow from state law. There is no federal interest, and although the parties have taken many steps toward a trial in the adversary proceeding, exhibit and witness lists have not yet been presented and no actual hearing on the matter has been held. There is no issue of comity here because no judgment or ruling from another court attaches here. For these reasons, under the circumstances, retention of jurisdiction for this adversary proceeding is not appropriate.

## Conclusion

A bankruptcy court has discretion over whether to retain an adversary proceeding after the bankruptcy case is dismissed. In determining whether to exercise this discretion, considering judicial economy, convenience to the parties, fairness to the parties, and comity, here the Court should use its discretion to dismiss the proceeding.

Although the parties have spent a lot of time on the issue, the claims in the adversary proceeding are all based in state law. Additionally, as there is no

longer an estate or plan, the outcome of the proceeding does not lend itself to any federal interest a court may have.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: October 23, 2020

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge
